# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| vs. § | Case No. 4:05cr110 | |
| § | (Judge Schell) | |
| ALEJANDRO VERGAVA VILLARUEL § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 30, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Jay Johnson.

On December 16, 2005, Defendant was sentenced by the Honorable Paul Brown to thirty (30) months' custody followed by three (3) years of supervised release for the offense of Felon in Possession. On August 7, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On March 9, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the defendant shall not commit another federal, state, or local crime. The petition asserted that Defendant violated the following special condition: As a special condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. 1101, et. seq. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant is not deported, the

defendant shall comply with all conditions of supervised release.

The petition alleges that Defendant committed the following acts: (1) On or about January 17, 2010, Defendant committed the offense of Reentry of Deported Alien, as alleged in the Indictment filed in U.S. District Court for the Eastern District of Texas, on February 11, 2010, Case No. 4:10cr29. According to the Indictment, Defendant was found illegally in Cooke County, Texas, after having previously been ordered removed on or about September 29, 2009; and (2) Defendant failed to remain outside of the United States after being ordered removed on September 29, 2009. Defendant was found in Cooke County, Texas, on or about January 17, 2010.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months with no supervised release to follow. It is also recommended that this sentence should be served consecutively to any sentence of imprisonment the Defendant is currently serving. It is also recommended that Defendant be housed in the Bureau of Prisons, Texarkana Unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 1st day of October, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE